IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN A. REYNOLDS, *et al.*, : | |
|     Plaintiffs, : | |
| : | |
| v. : | CIVIL ACTION NO. 25-CV-1403 |
| : | |
| MITCHKEBE BRELIN, : | |
|     Defendant. : | |

## MEMORANDUM

HENRY, J.    *s/CH*                                                                            APRIL 25, 2025

    *Pro se* litigant Mitchkebe Brelin seeks to remove Lancaster County Magisterial District Court cases to this Court. Two of those cases involve traffic citations issued to him and one case relates to a pending criminal prosecution that was transferred to the Lancaster Court of Common Pleas. For the following reasons, the Court will remand the traffic citation cases to the Lancaster County Magisterial District Court and the criminal matter to the Lancaster Court of Common Pleas.

**I.**     **FACTUAL ALLEGATIONS**[1]

    On March 17, 2025, Brelin filed a removal petition on behalf of himself and an unspecified entity, the Kairi Republic Tribal Center ("KRTC"). (ECF No. 2 at 1, 3.) Brelin used the Court's standard form complaint but handwrote "Removal" above the notation for "Complaint." (*Id*. at 1.) Underneath this notation, Brelin lists state court docket numbers, two of which are associated with traffic citations (*Commonwealth v. Mitchkebe*, No. MJ-02206-TR-

---

[1] The allegations set forth in this Memorandum are taken from Brelin's removal petition. (ECF No. 2.) The Court adopts the pagination supplied by the CM/ECF docketing system. Grammar, spelling, and punctuation errors in quotes from Brelin's submissions are cleaned up where necessary.

0000449-2024 and *Commonwealth v. Mitchkebe*, No. MJ-02206-TR-0000450-2024), and one of which is associated with a criminal case against him (*Commonwealth v. Mitchkebe*, No. MJ-02101-CR-0000025-2025).[2]  (ECF No. 2 at 1.)  He states in the facts section of the standard form that "transfer is need[ed] for [the] absence of due process."  (*Id*. at 4.)  Specifically, Brelin alleges that while he was parked in a vehicle, J.A. Reynolds asked him for personal identification, searched his vehicle, arrested him, and impounded the vehicle.  (*Id*.)  He further alleges C.A. McCormick arrested him after being "dissatisfied" with the personal information Brelin provided to him.[3]  (*Id*.)  Brelin states that Reynolds and McCormick "discriminated" against him based on "faith and national origin."  (*Id*.)

For relief, Brelin states that "these misrepresented instruments are invalid, unconstitutional, . . . and null and void."  (*Id*. at 5.)  Due to this, he seeks the "closure of all tax accounts."  (*Id*.)  The Court understands Brelin to be asking the Court to intervene in the underlying state court matters and declare them "null and void."  (*Id*.)  Brelin also seeks "just compensation" and the "return of [his] vehicle."  (*Id*.)

## II.   DISCUSSION

As best as the Court can discern from Brelin's removal petition, he seeks to remove to this Court matters before the Lancaster County Magisterial District Court.  A review of the state court dockets indicates two of the matters involve traffic citations issued to Brelin on March 16,

---

[2] Although Brelin lists two other state court dockets ("MJ-02206TR0000451-2-24" and "MJ02206-NT-0000142-2024"), the Court was unable to locate them on the Unified Judicial System of Pennsylvania's Web Portal.  To the extent that these cases exist and have been removed to this Court, they must also be remanded to the Lancaster Magisterial District Court.

[3] Reynolds and McCormick are listed as Plaintiffs on the removal petition.  However, the Commonwealth of Pennsylvania is the party opposing Brelin in the underlying state cases, not Reynolds and McCormick.

2

2024, one for exceeding the maximum speed limit, *Commonwealth v. Mitchkebe*, No. MJ-02206-TR-0000449-2024, and the other for driving with an unregistered vehicle, *see Commonwealth v. Mitchkebe*, No. MJ-02206-TR-0000450-2024. In the third case, Brelin faces criminal charges for allegedly loitering and prowling at night during an incident on February 1, 2025. *See Commonwealth v. Mitchkebe,* No. MJ-02101-CR-0000025-2025. The criminal matter was transferred to the Court of Common Pleas on March 21, 2025. *See id.*; *see also Commonwealth v. Mitchkebe*, CP-36-CR-0001077-2025.

### A. Remand of Traffic Citation Cases

When a defendant in a state matter removes a case to federal court, the district court must remand the case back to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). Statutes that provide for removal of cases to the federal court "are to be strictly construed against removal and all doubts should be resolved in favor of remand." *A.S. ex rel. Miller v. SmithKline Beecham Corp.*, 769 F.3d 204, 208 (3d Cir. 2014). "The party asserting jurisdiction bears the burden of showing the action is properly before the federal court." *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 219 (3d Cir. 2005).

Under 28 U.S.C. § 1441(a), a defendant "may remove to the appropriate federal district court 'any civil action brought in a State court of which the district courts of the United States have original jurisdiction.'" *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997) (quoting 28 U.S.C. § 1441(a)). However, § 1441 only applies to "civil actions," and magisterial district court matters concerning the issuance of traffic citations are not civil actions. *See Christ v. Vora*, 294 F. App'x 752, 753 (3d Cir. 2008) (*per curiam*). Rather, traffic citations are summary offenses over which this Court lacks jurisdiction. *Id.* (affirming dismissal of "petition

for removal" of traffic citations on the basis that the court lacked subject matter jurisdiction); *Pennsylvania v. Vora*, 204 F. App'x 134, 136 (3d Cir. 2006) (*per curiam*) (holding that a federal district court does not have jurisdiction over a state traffic court matter); *Lamb v. New Jersey*, No. 12-6782, 2012 WL 5830424, at *2 (D.N.J. Nov. 15, 2012) (remanding case to municipal court because "[t]his Court lacks jurisdiction over a traffic ticket case"); *Jefferson El Bey v. N. Brunswick Mun. Ct.*, No. 08-2825, 2008 WL 2510725, at *1 (D.N.J. June 19, 2008) (concluding that the "district court may not exercise jurisdiction over a municipal court proceeding" such as a traffic citation proceeding).

Even assuming § 1441 applies, the Court nevertheless lacks federal question and diversity jurisdiction. With respect to federal question jurisdiction, "[i]n order for a case to be removable under § 1441 and § 1331, the well-pleaded complaint rule requires the federal question be presented on the face of the plaintiff's properly pleaded complaint." *Krashna v. Oliver Realty, Inc.*, 895 F.2d 111, 113 (3d Cir. 1990) (quotations omitted); *see also Aetna Health, Inc. v. Davila*, 542 U.S. 200, 207 (2004). A defendant's intention to raise federal defenses to the claims against him, such as constitutional or discrimination claims, does not establish a basis for removal. *See United Jersey Banks v. Parell*, 783 F.2d 360, 365 (3d Cir. 1986) ("It is one of the settled principles of federal jurisdiction jurisprudence that the federal question must appear on the face of the complaint, and that federal jurisdiction cannot be created by anticipating a defense based on federal law."). The traffic court proceedings that Brelin seeks to remove to this Court are predicated entirely on Pennsylvania traffic laws, rather than federal law, so his purported assertion of a federal constitutional defense does not provide this Court with jurisdiction. *See California v. Bey*, No. 20-175, 2020 WL 509096, at *1 (E.D. Cal. Jan. 31, 2020), *report and recommendation adopted*, 2020 WL 794868 (E.D. Cal. Feb. 18, 2020)

(remanding removed case to the traffic division of superior court under "well pleaded complaint rule" because the action "is limited to a traffic citation" which "arises solely under state law and does not present a federal question"); *Johnson-El v. Balgobin*, No. 19-11255, 2020 WL 550221, at *2 (S.D.N.Y. Feb. 4, 2020) (concluding that removal of traffic citation proceeding to district court was improper because argument that proceeding violated the plaintiff's constitutional rights did not satisfy the well-pleaded complaint rule).

With respect to diversity jurisdiction, in the absence of federal claims on the face of the underlying civil action, the only independent basis for jurisdiction of removed actions is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over civil actions between citizens of different states. Complete diversity is required, meaning Brelin and KRTC would have to allege they are citizens of a state different than the Commonwealth of Pennsylvania, which is the adverse party in the underlying state court matters. While Brelin states that he is a citizen of "Lenape, Amexem," he provides a Pennsylvania address for himself and appears to be a Pennsylvania citizen.[4] *See Washington v. Hovensa*, LLC, 652 F.3d 340, 344 (3d Cir. 2011) (explaining that an individual is a citizen of the state where they are domiciled, meaning the state where they are physically present and intend to remain). Diversity jurisdiction is thus lacking here. Accordingly, the Court lacks jurisdiction over Brelin's removed traffic citation cases and therefore must remand them to the Lancaster County Magisterial District Court.

---

[4] To the extent that Brelin suggests that diversity jurisdiction exists because, as a citizen of "Lenape, Amexem," he is somehow a non-citizen national of the United States, such a "sovereign citizen"-style argument has been repeatedly rejected by courts. *See, e.g.*, *New Jersey v. Lewis El*, No. 23-2362, 2023 WL 6843319, at *2 (D.N.J. Oct. 17, 2023) (rejecting argument that diversity jurisdiction is established by the plaintiff's "national domicile" in "ancestral inherited estate"); *Wright v. Vangorder*, No. 21-0187, 2021 WL 11442814, at *5 (M.D. Pa. Apr. 14, 2021) (rejecting as frivolous the contention by a "sovereign citizen" that his renouncement of citizenship creates diversity jurisdiction), *report and recommendation adopted*, 2021 WL 11431937 (M.D. Pa. June 22, 2021).

B.    **Remand of Criminal Matter**

State court criminal prosecutions may be removed to federal courts under limited circumstances. *See* 28 U.S.C. § 1445. The right to remove a state court criminal matter under 28 U.S.C. § 1443(1), the only applicable provision here, is very narrow.[5] *See Desmond*, 792 F. App'x at 242. It only allows for the removal of a state law criminal matter "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." 28 U.S.C. § 1443(1). A defendant seeking removal under § 1443(1) must satisfy a two-pronged test: (1) "that he is being deprived of rights guaranteed by a federal law providing for . . . equal civil rights"; and (2) "that he is denied or cannot enforce that right in the courts of the state." *Pennsylvania v. Carroll*, 764 F. App'x 134, 135 (3d Cir. 2019) (*per curiam*) (quoting *Davis v. Glanton*, 107 F.3d 1044, 1047 (3d Cir. 1997)). Under the first prong of the test, "[c]laims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination will not suffice." *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975).

In his removal petition, Brelin references the First, Fourth, Fifth, Ninth, and Tenth Constitutional Amendments, and alleges that removal of his cases to this Court is "need[ed]"

---

[5] Section 1442 authorizes removal of state criminal prosecutions in certain instances against federal officers or agencies. 28 U.S.C. § 1442(a). Section 1443(2) authorizes removal "[f]or any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law." 28 U.S.C. § 1443(2). The Supreme Court has directed that § 1443(2) "confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights." *City of Greenwood v. Peacock*, 384 U.S. 808, 824 (1966); *see also Delaware v. Desmond*, 792 F. App'x 241, 242 (3d Cir. 2020) (*per curiam*). Brelin's allegations do not suggest that he falls into these categories, and therefore, neither § 1442 nor § 1443(2) provides a basis for removal of his criminal matter.

6

because of the "absence of due process."[6] (ECF No. 2 at 3, 4.) He also alleges that the officers who arrested him "discriminated" against him based on his "faith and national origin." (*Id.* at 4.) Brelin's pleading does not satisfy the requirements of § 1443(1). Brelin has not alleged that any right arising "under a federal law providing for specific civil rights stated in terms of racial equality" is being denied to him, as opposed to a right arising under laws of general applicability. *See Johnson*, 421 U.S. at 219; *see also Daviston v. Pennsylvania*, No. 23-220, 2023 WL 1070351, at *3 (E.D. Pa. Jan. 27, 2023) (remanding case where the petitioner's allegation that he suffered a "civil rights violation" was insufficient to satisfy the requirements of § 1443(a)); *Pennsylvania v. Tejada*, No. 19-142, 2019 WL 2997015, at *2 (W.D. Pa. June 7, 2019), *report and recommendation adopted*, No. 19-142, 2019 WL 2996281 (W.D. Pa. July 9, 2019) (remanding where alleged denial of constitutional rights constituted denial of right of general applicability, not a specific protection against racial discrimination). Brelin has also not alleged that he is unable to enforce his rights in state court. *See Delaware v. Hefley*, 403 F. App'x 677, 678 (3d Cir. 2010) (*per curiam*) (affirming remand of state criminal matter because the removal petitioner could "assert constitutional claims in state court and there [was] nothing unusual about his criminal prosecution."); *Johnson*, 421 U.S. at 219-20 ("Except in the unusual case . . . it [is] to be expected that the protection of federal constitutional or statutory rights [can] be effected in the pending state proceedings, civil or criminal."). Accordingly, Brelin has not satisfied the requirements of § 1443(1) for removal of his criminal matter to this court.

---

[6] The criminal case that Brelin seeks to remove to this Court does not appear to relate to the facts alleged in his removal petition. In the underlying criminal matter, Brelin is charged with loitering and prowling at night, based on an event that allegedly took place months after he was issued traffic citations. *See Commonwealth v. Mitchkebe*, No. MJ-02101-CR-0000025-2025.

### III.    CONCLUSION

For these reasons, Brelin's case will be remanded. His traffic citation cases will be remanded to the Lancaster County Magisterial District Court because this Court lacks subject matter jurisdiction. Brelin's criminal case will be summarily remanded to the Lancaster Court of Common Pleas. Brelin's Motion to Proceed *In Forma Pauperis* and "Petition-Pacer Electronic Filing System" will be denied as moot.